```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION
```

BOBBY LEE LAWRENCE,

                     Petitioner,

v.                                  Case No. 3:12-cv-310-J-34JRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                     Respondents.
_____

## ORDER

### I. Status

Petitioner Bobby Lee Lawrence initiated this action on March 21, 2012,[1] by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254. In the Petition, Lawrence challenges a 2006 state court (Duval County, Florida) judgment of conviction for aggravated fleeing and eluding a law enforcement officer and child abuse. Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (Response; Doc. 21)

---

[1] Lawrence filed the Petition in this Court on March 21, 2012. He is not entitled to the benefit of the mailbox rule since there is neither a date on the Petition reflecting when he signed it nor a date showing when he handed it to the prison authorities for mailing to this Court. See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. Nevertheless, the Court will give Lawrence the benefit of the mailbox rule with respect to his inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

with exhibits (Resp. Ex.). On April 23, 2012, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 6), admonishing Lawrence regarding his obligations and giving Lawrence a time frame in which to submit a reply. Lawrence submitted a brief in reply. See Reply Motion to Dismiss Respondents' Motion (Doc. 28). This case is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Like the vast majority of federal habeas petitions, § 2244(d)(1)(A) establishes the limitations period for Lawrence's claim.

Respondents contend that Lawrence has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). The following procedural history is relevant to the one-year limitations issue. On August 7, 2006, the State of Florida charged Lawrence with aggravated fleeing or attempting to elude a law enforcement officer (count one) and child abuse (count two). Resp. Ex. 3, Amended Information. Lawrence proceeded to trial in October 2006, see Resp. Ex. 5, at the conclusion of which a jury found him guilty of aggravated fleeing or attempting to elude a law enforcement officer and child abuse, as charged, see Resp. Ex. 6, Verdicts. On December 14, 2006, the court sentenced Lawrence to a term of twenty years imprisonment for count one, and a term of ten

years imprisonment for count two, to run concurrently with count one. Resp. Ex. 10.[2]

On appeal, Lawrence, through counsel, filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Resp. Ex. 13, Initial Brief of Appellant. Additionally, Lawrence filed a pro se brief. Resp. Ex. 15. On February 21, 2008, the appellate court affirmed Lawrence's conviction and sentence per curiam without issuing a written opinion, see Lawrence v. State, 975 So.2d 1138 (Fla. 1st DCA 2008); Resp. Ex. 16, and the mandate issued on March 18, 2008, see Resp. Ex. 16. Lawrence did not seek review in the United States Supreme Court.

Lawrence's conviction became final on Wednesday, May 21, 2008 (90 days from February 21, 2008). See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."). Because Lawrence's conviction was after April 24, 1996, the effective date of the AEDPA, Lawrence had one year from the date his conviction became final to file the federal petition (May 21, 2009). His Petition,

---

[2] Lawrence filed a pro se motion for post conviction relief in the trial court on December 28, 2006. Resp. Ex. 11. However, the motion does not appear on the trial court's docket. Resp. Ex. 1. Lawrence filed a Notice of Appeal on January 12, 2007. Resp. Ex. 12.

4

filed on March 21, 2012, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

The one-year period of limitations started running on May 22, 2008, and ran for **two hundred and fifty-six (256) days** until Lawrence filed a pro se motion for post conviction relief on February 2, 2009. Resp. Ex. 17. On October 12, 2010, the circuit court denied the motion. Resp. Ex. 20. The appellate court dismissed Lawrence's appeal of that denial on December 30, 2010, see Resp. Ex. 31, and later denied his motions for rehearing and reinstatement on February 18, 2011, see Resp. Ex. 37. Lawrence filed a pro se petition for writ of quo warranto in the Florida Supreme Court on February 6, 2011, but the Florida Supreme Court construed his later filed motion to strike as a notice of dismissal and dismissed the petition on March 29, 2011. Resp. Ex. 49A; Lawrence v. Borello, 60 So.3d 387 (Fla. 2011).

While Lawrence's petition for writ of quo warranto was pending before the Florida Supreme Court, he filed another motion for post conviction relief in the circuit court on March 17, 2011. Resp. Ex. 38. On August 10, 2011, the circuit court denied the motion as untimely and successive. Resp. Ex. 42. On December 8, 2011, the appellate court affirmed the trial court's denial per curiam. See Lawrence v. State, 78 So.3d 538 (Fla. 1st DCA 2011); Resp. Ex. 47. The mandate issued on February 16, 2012. Resp. Ex. 47. The pendency

of Lawrence's March 17, 2011 Rule 3.850 motion did not toll the running of the one-year limitations period because the motion was not properly filed. See Resp. Ex. 42, Order Denying Defendant's Motion to Vacate, Set Aside, or Correct, filed August 10, 2011, at 1-2, 2 n.2 (stating that "since Defendant's allegations do not give rise to an exception to the two (2)-year time limit of Rule 3.850, the instant Motion is untimely, in that it was filed more than two (2) years after the Defendant's convictions became final" and noting that the motion should have been filed before March 18, 2010); Rich v. Sec'y for Dep't of Corr., 512 F. App'x 981, 983 (11th Cir. 2013) (per curiam). Although Lawrence argues that the claim raised in his Rule 3.850 motion qualified for an exception to Florida's time requirements under Rule 3.850, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005).

Even assuming that the pendency of Lawrence's February 6, 2011 state petition tolled the running of the limitations period, the period started running again on March 30, 2011, and **ran for the remaining one hundred and nine (109) days until July 17, 2011.** With the limitations period having expired on July 17, 2011, none of Lawrence's motions filed after July 17, 2011, see Response at 10-11, 17, could toll the limitations period because there was no period remaining to be tolled. See Sibley v. Culliver, 377 F.3d

1196, 1204 (11th Cir. 2004) (stating that, where a state prisoner attempts to file post-conviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Given the record, Lawrence's March 21, 2012 Petition is untimely filed, and due to be dismissed unless Lawrence can establish that equitable tolling of the statute of limitations is warranted. The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his

claim of extraordinary circumstances and due diligence.") (citation omitted). The burden is on Lawrence to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted). Here, Lawrence simply has not met the burden of showing that equitable tolling is warranted.

As to Lawrence's claim of actual innocence, this Court finds that he has not made the requisite showing. To make a showing of actual innocence, Lawrence must show "that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). In assessing the adequacy of a petitioner's showing, the Supreme Court has stated:

> The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

8

Id. at 329; see also Sibley, 377 F.3d at 1205 (stating that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence") (citations omitted). Moreover, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." McQuiggin v. Perkins, 133 S.Ct. 1924, 1935 (2013). Again stressing that "the Schlup standard is demanding[,]" the Supreme Court has stated: "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Id. at 1936 (quoting Schlup, 513 U.S. at 316).

Here, Lawrence has not offered any new reliable evidence that was not available at the time of his trial. He has not produced exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not available at the time of his trial. Indeed, he has failed to point to any evidence to demonstrate that it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence. This is not an "extraordinary" case under the Schlup standard. House v. Bell, 547 U.S. 518, 538 (2006).

Lawrence has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Lawrence seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Lawrence "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show

that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. If Lawrence appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.   The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of November, 2014.

MARCIA MORALES HOWARD
United States District Judge

sc 10/29
c:
Bobby Lee Lawrence
Ass't Attorney General (Jordan)